Ruffin, C. J.
 

 There is no error on the first point. The defendant did not attempt to set up a title, in derogation of that of the lessor of the plaintiff at the time of his lease to Smith. On the contrary, he acted in affirmance of that ti tie, by showing the subsequent acquisition of it by Smith, so that both the term and the reversion became united in him. If the lessor of the plaintiff had, by his deed, as-! signed the reversion to Smith, the title thus derived might \ be set up as a bav to this action. It must be the same \ under the sale by the sheriff; for a reversion in fee, after ¡ a term for years, is the subject of execution, and the she- j riff’s deed is as effectual to pass it as that of the rever- / sionre. On the other point, however, the Court holds, that there is error. Payment to the sheriff discharges the execution. If the sheriff have a
 
 ca. sa.
 
 and after payment by the debtor, within his knowledge, he, the sheriff arrest
 
 *426
 
 him, it is, undoubtedly, false imprisonment. It must also be illegal to act on a
 
 ji, fa.
 
 after satisfaction to the sheriff, and he is a trespasser* if he seize goods afterwards.
 
 Lefans
 
 v.
 
 Mooniscun,
 
 1 Hob. 685. As was said in the case cited at the bar, the execution became thereby
 
 func. tus officio, Hammett
 
 v.
 
 Wyman,
 
 9 Mass. Rep. 138. It follows that a subsequent sale under it is void, and it was so held in that action, which was trespass by the purchaser at that sale, for a second taking of the goods, upon another execution against the same defendant. If it were not so, the sheriff, might, upon another execution for a trifling sum, ruin any person, since he might raise the money over and over again by sale after sale. For, there is no difference between satisfaction by a payment by the debtor in money and one by the sale of his property. After satisfaction to the sheriff in either way, he cannot lawfully seize and sell property, more than he could, without having had an execution at all.
 

 Per Curiam Judgment reversed and^ueiwVe
 
 de
 
 novo«