S. D. MORRISON and wife et als. v. R. P. CRAVEN.

*Practice—Appeal— Waiver of Diligence—Color of Title— Possession Under Color of Title—Tacking Possession of Several Parties—Judicial Proceedings—Estoppel.*

1. Where counsel waive the diligence required by Rule 5 of this Court as to docketing appeal, it will not be exacted by the Court.

2. The possession of a grantor who had no color of title cannot be tacked to that of his grantee in order to make up the necessary seven years' possession under color of title.

3. Where the record of a proceeding to sell land, as the property of a decedent, to make assets for the payment of his debts, recited that "due notice had been given to all parties concerned," it is sufficient to estop an infant heir of decedent from claiming the land as his heir when such heir had a general guardian. DOUGLAS, J., dissenting.

MORRISON *v.* CRAVEN.

CIVIL ACTION, for the recovery of land, commenced in April, 1892, and tried before *Norwood, J.,* and a jury, at July Term, 1895, of CABARRUS Superior Court. The plaintiffs claimed a one-half interest in the land described in the pleadings, it being admitted that defendant owned the other half. The plaintiffs claimed as the children and heirs at law of J. O. Pharr, and in order to show color of title introduced a deed from A. B. and J. J. Pharr to J. O. Pharr, father of the *feme* plaintiffs, which was dated in 1852. The testimony showed that J. O. Pharr was not in possession of the land until 1855, but that A. B. Pharr, his grantor, was in possession in 1852 and so continued until 1855. There was no evidence of a deed or color of title in A. B. Pharr. The defendant introduced the record of a proceeding for the sale of the land as the property of J. M. Pharr (a deceased brother of J. O. Pharr) for assets at January Term, 1863, from which it appeared that the land was sold and sale confirmed to Rachael Pharr, who went into possession, and under her, by *mesne* conveyances, the defendant claims the land. The said record shows the following entry: "In the matter of H. A. Area and W. W. Pharr, administrators of John M. Pharr, it appearing to the satisfaction of the court, upon hearing the petition and exhibits in this case, *that due notice has been given all the parties concerned,* it is therefore ordered and decreed by the court that the land mentioned in the proceedings be sold by the administrators on a credit of nine months, &c., &c." The record also shows that the sale was duly confirmed at a subsequent term.

It appeared by the testimony that J. O. Pharr, the father of plaintiffs, was dead at the time of the said proceedings for the sale of the land as the property of J. M. Pharr, and that the plaintiffs were two of the heirs at law of the said J. M. Pharr.

It also appeared from the testimony that the *feme* plaintiffs married before arriving at full age.

The defendant, in order to show that the land was not claimed by the heirs at law of J. O. Pharr, introduced the record of proceedings for the partition of his lands in which no mention was made of the land in controversy in this action.

The defendant contended that the plaintiffs were estopped by the judgment in the proceedings for sale of the land as the property of J. O. Pharr. His Honor held otherwise and the jury, under his instructions, rendered a verdict that the *feme* plaintiff, Morrison, was entitled to one-fourth of the land, and judgment was rendered accordingly and defendant appealed.

*Messrs. Jones & Boykin*, for plaintiffs.
*Messrs. W. G. Means* and *Burwell, Walker & Cansler*, for defendant (appellant).

CLARK, J.: This action, having been tried in the court below at June Term, 1895, should have been docketed here at the Fall Term of that year, or a *certiorari* applied for upon filing such part of the transcript as was available to the appellant. *Burrell* v. *Hughes*, at this term. But by agreement of counsel the case is now docketed, and where counsel waive the required diligence the court will not exact it.

The plaintiff rests her right to recover upon seven years possession in her father under color of title. *Code*, Sec. 141. The deed to him, which was color of title, was executed in 1852, but the grantor therein remained in possession for three years thereafter, upon plaintiff's own showing, and her father's possession thereunder began, at the earliest, some time in 1855. There was no color of title

120—42

shown in the grantor, and hence his possession could not be added to that of his grantee. Therefore, the full seven years' possession necessary to ripen the title, had not elapsed when the running of the Statute was suspended in May, 1851, and soon thereafter, if not before, those under whom defendant claims, went into adverse possession. Besides, the plaintiffs are estopped by the proceedings in 1863 to sell the realty as the property of John M. Pharr, deceased, to make assets, for the court adjudged that "due notice had been given to all parties concerned," and the land in controversy was sold under the judgment in this case (*Harrison* v. *Hargrove*, at this term), and the *feme* plaintiffs were among his heirs at law, and further, at that time, had a general guardian. *Hare* v. *Holloman*, 94 N. C., 14; *Code*, Sec. 387. The court records have been destroyed and there was nothing to rebut the presumption *omnia rite acta est* and that the plaintiff was duly made a party by her guardian, according to the judgment of the court that "all parties concerned" had been notified. It is significant evidence, though not an estoppel, that in the partition proceedings of the land of J. O. Pharr this realty was not mentioned. It is unnecessary to consider the other exceptions.

Error.

DOUGLAS, J., dissenting from the opinion: I concur in the judgment of the court for the reason first stated in the opinion, that seven years' possession was not shown prior to the suspension of the Statute in May, 1861, but I cannot concur in the opinion that the *feme* plaintiff is estopped by the proceeding in 1863 to sell the realty in question as the property of John M. Pharr, deceased. The *feme* plaintiff (Cross) was then an infant with a general guardian, but there is no direct finding that either she or her guardian was ever

made or became a party to that proceeding. There is no proof whatever of .that fact, and their names nowhere appear in any cf the remaining records. The fact can be gathered only inferentially from the vague finding of the Probate Court that "due notice had been given to all the parties concerned." This is itself as much a conclusion of law as a finding of fact, the identity of the parties depending entirely upon the opinion of the court as to who were "concerned." That an infant of tender years, with or without a guardian, should be estopped from asserting whatever rights she may have by such a record, I cannot admit. It appears to us that the *femes* plaintiffs were nieces and heirs at law of the said John M. Pharr, but this fact is nowhere found in the special proceeding, and, indeed, the very existence of the plaintiffs may then have been unknown to the court.