G. W. FISHER v. THE TOXAWAY COMPANY ET AL.

(Filed 20 May, 1914.)

1. Reference—Confirmation by Court—Statements as to Adjudication—Appeal and Error.

The statement made of record by the trial judge in passing upon the report of the referee to whom the controversy had been referred, that he had heard the argument of counsel, examined and considered the record, the evidence, report and exceptions filed, before entering the order confirming the report, is conclusive on appeal, and not open to the exception of the appellant that he had failed to deliberate and pass upon an exception he had entered to the report.

2. Reference—Admissions—Statements—Evidence.

The proceedings before a court of a referee are judicial in their nature, and it is his duty to enter upon his report admissions of the parties or of their attorneys in the progress of the investigation or hearing pertinent to the issues involved; and entries of this character do not require that there be further evidence of such admissions than the referee's statements thereof.

3. Deeds and Conveyances — Estoppel — Void Deeds — Trials—Evidence.

> A party to a controversy concerning the title to lands is estopped to deny the title of the other party under whose deed he claims, and under which he entered into possession; and the mere fact that this deed is void does not estop the grantor from showing that it was the title under which his adversary claimed.

4. Deeds and Conveyances—Tenants in Common—Lunatics—Guardian and Ward—Void Deeds—Color of Title.

> Where several tenants in common make their valid deeds to the land in controversy except one of them who had been confined in a hospital for the insane, and the conveyance nowhere upon its face purports to convey his title or interest therein, but is signed by one purporting to act for him as his guardian, without making it to appear.that he was lawfully such, it is *Held*, as to the interest of the ward, attempted to have been conveyed, the deed is not color of title which would ripen into an absolute title by adverse possession.

APPEAL by defendant from *Adams, J.,* at Spring Term, 1913, of TRANSYLVANIA.

This is a petition for partition of twenty-six tracts of land, described in the petition. The defendants are The Toxaway Company, a corporation, and J. C. Fisher and others, who with the plaintiff are the heirs at law of John S. Fisher.

The defendant The Toxaway Company answered that it has no knowledge of the allegations contained in the first paragraph of said petition, and no information thereof sufficient to form a belief, except that it is not true, as therein alleged, that The Toxaway Company, the defendant, is tenant in common with the plaintiff, G. W. Fisher, nor with any of the defendants in said proceeding, in the lands mentioned and described in said paragraph of said petition, nor in any part thereof; and except, further, that it is not true that the said plaintiff is the owner of any interest, either as tenant in common or otherwise, in the second, fourth, fifth, sixth, ninth, tenth, eleventh, twelfth, fifteenth, seventeenth, twentieth, twenty-first, and twenty-sixth tracts of said lands, as set forth and numbered in said paragraph of said petition, nor in any part of any of said several

tracts of land mentioned in said paragraph of said petition which are covered or embraced in that certain deed from W. A. Fisher and others, heirs at law of John Fisher, to. The Toxaway Company, bearing date 3 July, 1896, and registered in Book No. 13, on page 459, of the records of deeds of Transylvania County, and also described in a deed from the said G. W. Fisher and wife, Addie F. Fisher, to The Toxaway Company, bearing date 5 June, 1902, and registered in Book No. 21, at page 130, of the records of deeds of the said county of Transylvania, which said tract of land, described in said two deeds, is bounded as follows, towit:

Here follows a description of the land claimed by The Toxaway Company, said to contain 389 acres, most of which is now covered by the waters of Lake Toxaway. The answer further says:

"And the defendant The Toxaway Company especially avers that it is the sole owner of said several tracts of land mentioned in said petition and herein particularly specified as being owned by it, and also of said tract or boundary of land described in said two deeds made to it by the said W. A. Fisher and others, heirs at law of John Fisher, and G. W. Fisher and wife, respectively, and that the said G. W. Fisher has no right, title, or interest whatever therein." The remainder..of the answer is a general denial of any knowledge of the other allegations of the petition.

Upon the filing of this answer, the plaintiff filed a pleading in which he denies that he executed the deed signed by W. A. Fisher and others, dated 3 July, 1896, and recorded in Book 13, page 459, or that any one was legally authorized to execute it for him, under which deed the defendant The Toxaway Company claims, and the plaintiff avers that this deed does not contain the signature of the plaintiff, and that the said W. C. Fisher, who signed his name to the said deed as guardian of the plaintiff, had no authority so to do, the said W. C. Fisher never having been appointed his guardian by any party authorized to do so, or by any court or other properly constituted authority.

The plaintiff further avers that at the time the said deed was executed, viz., 3 July, 1896, the plaintiff had then been committed to the State Hospital at Morganton, N. C., as an insane person, by the properly constituted authorities, and was an actual inmate of the same at the time of the alleged conveyance of the said W. C. Fisher, guardian, to The Toxaway Company.

The plaintiff further avers that it is true, as alleged, that the defendant The Toxaway Company holds a certain paper-writing, dated 5 June, 1902, and recorded in Book No. 21, page 130, Records of Deeds, Transylvania County, purporting to be signed by G. W. Fisher and his wife, Addie Fisher; but plaintiff, in so far as he is concerned, declares that the said signature is a forgery, in that he never signed the said deed, nor did he afterwards acknowledge the same to be his act and deed before J. C. Fisher, a justice of the peace in Transylvania County, nor has he ever conveyed at any time, or to any person, the lands described in the said deed.

The defendant company replied to this amended pleading:

"That it has no knowledge of the allegations contained in the third paragraph of said amended complaint and no information thereof sufficient to form a belief, except as to the admission therein contained, that the defendant The Toxaway Company holds a deed from the said G. W. Fisher and wife, Addie Fisher, dated 5 June, 1902, recorded in Book No. 21 at page 130 of the records of deeds of the said county of Transylvania, for their interest in the lands therein described, which said last mentioned allegation is true; and except further, that it is not true, as the defendant is informed and believes, that the signature of the said G. W. Fisher to said deed is a forgery, and that he never signed the same or authorized the same to be signed by him, and that he did not acknowledge the same to be his act and deed before J. C. Fisher; but, on the contrary, the defendant The Toxaway Company avers that the said G. W. Fisher and his wife, Addie Fisher, signed and executed the said deed, or authorized the same to be signed and executed in their names, for a full, fair, and valuable consideration, which was paid to them or for their use and benefit by The Toxaway Company,

which said deed was duly acknowledged before J. C. Fisher, a justice of the peace of Polk County, N. C., and duly admitted to registration in the said county of Transylvania, as hereinbefore alleged."

After the filing of the pleadings joining issue between the plaintiff and the defendant The Toxaway Company (hereinafter called the defendant, as there is no controversy now between the plaintiff and the other defendants), a consent order was made submitting to the jury this issue:

"Did the plaintiff, G. W. Fisher, and his wife, Addie Fisher, execute the deed to The Toxaway Company, mentioned in the first paragraph of the defendant's answer, dated 5 June, 1902, and registered in Book No. 21 at page 130. of the records of deeds of Transylvania County?" Answer: "No."

The order further provided that all other issues necessary to be settled for a final determination of the cause be referred to Bartlett Shipp, Esq.

The jury having answered the above issue in the plaintiff's favor, the court entered judgment setting the deed aside. This record presents no exceptions taken on the trial of that issue. The defendant seems to have acquiesced in that judgment.

In pursuance of the order of reference, the referee heard the cause and made his report containing his findings of fact and conclusions of law. The defendant filed numerous exceptions. These exceptions were heard by his Honor, W. J. Adams, at Spring Term, 1913, of the Superior Court of Transylvania County, and a decree entered confirming the report of the referee, which decree contains these words:

"After hearing the argument of counsel and upon examination and consideration of the record, the evidence and the report and the exceptions filed thereto, it is ordered and adjudged that all exceptions to the report of the referee be and the same are hereby overruled, and that the report of the referee be and the same is hereby in all respects confirmed."

The defendant The Toxaway Company excepted and appealed.

*H. G. Ewart for plaintiff.*
*James H. Merrimon for defendant The Toxaway Company.*

BROWN, J.  The first exception of defendant is directed to the following finding of fact by the referee:

1. "It was agreed by counsel that this is a controversy solely between the plaintiff and the defendant Toxaway Company, and that the plaintiff is entitled to a one-eighth undivided interest in the lands of which J. S. Fisher died seized, and which have not already been partitioned among his heirs at law or otherwise disposed of; that the lands in controversy are those described in a deed from W. A. Fisher *et al.* to The Toxaway Company, dated 3 July, 1896; recorded in Book 13, page 459, Transylvania records of deeds, and indicated on the Reid map filed in evidence as beginning at the point marked A, thence to B, C, D, E, F, G, H, I, J, K, L, M, N, O, P, Q, R; and thence to the beginning at A, respectively."

In his brief, the learned counsel for the defendant says:

"The error assigned is that the court failed to deliberate and decide, etc., upon defendant's first exception to the report of the referee.  This exception, if well taken, it would seem, ought to entitle the defendant to a reversal of the judgment of the trial judge and to a new trial of his exceptions to the referee's report.  There is not a syllable of evidence in the record to sustain this finding, and no such agreement was ever made.  To sustain this exception, I rely upon *Thompson v. Smith,* 156 N. C., 345, and *Overman v. Lanier,* 156 N. C., 537, and the cases cited in those cases."

We have quoted in the statement of the case the language of the judge below in confirming the report of the referee.  He declares that he heard the argument of counsel and that he did examine and consider the record, the evidence, the report and the exceptions filed thereto, before he entered the decree confirming the report.

The cases cited in support of defendant's contention present a very different aspect from this.  In those cases it affirmatively appeared or was admitted by counsel that the trial judge did

not deliberate and decide upon the several exceptions to the report, and did not draw his own conclusions from the evidence. In the *Overman case* it was admitted by counsel on the argument in this Court that "the judge below, owing to the rush of business and the anxiety of parties to get the case sent up for review, had entered a *pro forma* judgment without having really considered any of the exceptions."

It appears in this record, and also upon the proceedings in *certiorari* in this case at last term, by which it is now here for review, that "on the last day of the term the exceptions to the report of the referee were fully argued by counsel, and at the conclusion of the argument counsel consented that the court might take the papers to Asheville and consider the arguments and exceptions." After considering the argument and exceptions, the judge below, himself, prepared the draft of the judgment. See 164 N. C., 106.

It is further contended by the defendant that there is no evidence in the record to sustain such finding, and that no such agreement was ever made.

It is not essential that the record should disclose any such evidence. The proceedings before the court of a referee are judicial in their nature. He is invested with many of the powers and functions of a judge. He had the authority and it was his duty to enter upon the record of the trial such solemn agreements and admissions of counsel as are made before him and pertinent to the issues being then tried.

This admission entered of record would seem to end this controversy, but we will examine it as if no such admission had been made. The brief of the learned counsel for defendant, referring to the thirteenth assignment of error, says: "This assignment of error is based upon the appellant's exception to the referee's second conclusion of law, and involves pretty much every point in the case."

This assignment of error will, therefore, be next considered. It reads as follows:

"13. The court erred in not sustaining the defendant's exceptions to the referee's second conclusion of law, towit:

"To the second conclusion of law, for that the statement in the said conclusion of law 'that the defendant claims possession of the lands in controversy *under color* of a deed from W. A. Fisher, and the other heirs at law of J. S. Fisher, to The Toxaway Company, made 3 July, 1896,' and thereby admits title in the plaintiff, as an heir at law of J. S. Fisher, is a finding of fact not justified by the evidence in the case, and, besides, is out of place in said conclusion of law, and the said conclusion of law as stated appears to be the reverse of what the referee intended it to be; but if said conclusion of law should be construed that the defendant The Toxaway Company is estopped, by anything contained in the referee's finding of fact or by anything stated by him in his conclusions of law, to deny plaintiff's title by virtue of its possession under color of said deed for seven years, the said conclusion of law is contrary to law, and should be overruled in this respect; and the further part of said conclusion of law, viz.: 'That as plaintiff did not execute said deed, nor authorize any one else to execute it for him, he became on delivery of said deed a tenant in common in the lands in controversy with The Toxaway Company, and that the possession of the defendant, under color of the said deed up to the commencement of this action, is not sufficient in law to bar the claim of the plaintiff,' is erroneous and contrary to the law of the case, and should be overruled.

"The referee should have concluded, as to the law, that the said deed conveyed to the defendant a good title to all the interests of the heirs of said John S. Fisher, except the plaintiff, and that as to the plaintiff, it was color of title, and that adverse possession under it by defendant for seven years, such as the law requires to mature title, was sufficient to mature and perfect the defendant's title to the undivided one-eighth interest of the plaintiff."

It is contended that the deed from the plaintiff to the defendant having been declared void, it cannot operate as an estoppel upon the defendant. The record shows that the defendant claimed solely under the plaintiff's deed, and the deed from the

other heirs of John S. Fisher, and that the defendant was put into possession by them and under their title.

In the answer of the defendant, its title purports to be set out, and it therein makes no claim or pretense to any other title than the one derived from the heirs of John S. Fisher. The answer sets up the deeds from plaintiff and the other heirs, and asserts title under them.

It is true the learned counsel for the defendant said on the argument that this averment in the answer was a "slip of the pen." Doubtless he was not responsible for it, but it is binding on the defendant, nevertheless. The defendant having undertaken to set out its title, cannot now be permitted to repudiate it.

Upon the trial before the jury, the issue involving the execution of plaintiff's deed to defendant was practically conceded to be the only issue as to title, as on that trial no other issue was suggested or tendered.

If defendant had another and paramount title with which it could connect itself, it had the opportunity and should have presented it on that trial, and thus have settled the title once and for all.

The fact that the deed was declared void as to plaintiff because he did not execute it does not preclude the plaintiff from showing that defendant claimed under it. It is held that a defendant in trespass claiming the right to cut timber under a void contract from one who afterwards deeded the land to the plaintiff is estopped to deny the title of the plaintiff. *Monds v. Lumber Co.,* 131 N. C., 21.

We are of opinion that the ruling of the court below, and referee, that the defendant The Toxaway Company had taken title to the lands in controversy from the heirs of John S. Fisher, and in the trial of the cause between the plaintiff *G. W. Fisher v. The Toxaway Company* in the Superior Court for the county of Transylvania, had based its claim for title entirely and solely upon this deed, was fully justified by the facts and evidence in the cause. Therefore, the thirteenth assignment of error cannot be sustained.

Notwithstanding this ruling, the referee appears to have permitted the defendant to offer testimony for the ·purpose of im-' peaching John S. Fisher's title, and to set up a paramount title, over the objections of the plaintiff. We note, however, that an examination of the record, aided by an elaborate brief, fails to disclose that the defendant has proven. an outstanding paramount title, or connected itself with it, as would be necessary. *Mobley v. Griffin,* 104 N. C., 115.

It is contended by the defendant that the deeds from W. A. Fisher and others, dated 3 July, 1896, and from the plaintiff, 5 June, 1902, are good as color of title, and that it has shown seven years adverse possession thereunder.

Assuming that defendant could show the requisite possession excluding the period when the plaintiff was in asylum, which is denied, the first named deed is not color of title as to the interest of plaintiff.

His name does not appear anywhere in the deed or among the grantors, and the instrument does not purport to convey or act upon any interest or title of G. W. Fisher in the land. The deed purports on its face to be only the deed of the grantors named in it, and it is signed and sealed by them. At the end and after all the signatures appear these words: "W. C. Fisher, [seal], Guardian for G. W. Fisher."

There is no reference in the instrument to any such guardian-·ship, and no pretense that W. C. Fisher was ever appointed guardian for his brother or had any authority to convey his interest in the land.

Color of title is a writing which, upon its face, professes to pass title, but which does not do it, either from a want of title in the person making it or from the defective conveyance that is used. 1 A. and E., 846.

It is apparent to one not skilled in the law that the deed aforesaid does not even pretend to be the deed of G. W. Fisher, or to pass his interest in the land. As to him it is void on its face, and could deceive no one.

The other deed, purporting to be the deed of G. W. Fisher and wife, while regular on its face, is dated 5 June, 1902, and

this action was commenced 9 August, 1905. The referee, therefore, correctly held that the defendant had not acquired title by adverse possession under color of title.

Upon a review of the record, we are of opinion that his Honor properly confirmed the report and judgment of the referee.

Affirmed.