This is an appeal by the plaintiff from a judgment confirming the report of commissioners appointed to partition certain lands between the plaintiff and the defendant, the plaintiff being entitled to one-eighth and the defendant to seven-eighths thereof.
During the pendency of the proceeding and between 27 February, 1912, and 17 June, 1912, the defendant made valuable improvements on said land, consisting in the development of a water power.
The cause was referred to Bartlett Shipp, Esq., and at Spring Term, 1913, his report was affirmed, and in the judgment of Judge Adams confirming the same are the following provisions:
"It is further ordered and adjudged that the plaintiff be and he is hereby declared to be a tenant in common with the defendant, The Toxaway Company, in the lands in controversy in this action as defined in the referee's report, and as such is the owner in fee and entitled to an undivided one-eighth interest in said lands.
"It appearing from the report of the referee that the said lands are susceptible of actual partition, without injury to the interests of either of the tenants in common, that a sale of the lands is not necessary, and that the defendant has in good faith made improvements on said lands costing several thousand dollars: *Page 616 
"It is further ordered and adjudged that G. W. Wilson and J. C. King and T. T. Loftis be and they are hereby appointed commissioners to make partition of the lands in controversy between the plaintiff and defendant according to their respective interests as herein declared; that said commissioners, after being duly sworn, shall meet on the premises and partition the land between their respective interests therein, that is to say, said commissioners shall partition and allot to the plaintiff in severalty one-eighth interest therein, and to the defendant in severalty seven-eighths interest therein. It is further ordered and adjudged that no land shall be allotted to the plaintiff on which are situated the improvements made by the defendant or any part thereof, and that the land allotted to the defendant shall be valued without regard to the improvements made upon said property."
(549) The plaintiff did not except to said judgment, and, on the contrary, asked that it be affirmed on the appeal of the defendant. (165 N.C. 663.)
The commissioners named in the judgment of Judge Adams failing to act, other commissioners were appointed by Judge Long to act under the order of Judge Adams.
These last commissioners met upon the premises, examined the land, heard evidence offered by the plaintiff and defendant, and made a full report, the material parts of which are as follows:
"We further report that in making the allotments hereinafter set out we did not consider the value of the power house and plant above referred to, but allotted the land on which said house and plant is situated to the defendant above named.
"We further report that the land herein allotted to the plaintiff, G. W. Fisher, is situated on a public road of Transylvania County, North Carolina.
"We further report that in all of our proceedings we acted in accordance with the order of his Honor, B. F. Long, above referred to, and the order of his Honor, W. J. Adams, herein referred to, and allotted no land to the plaintiff on which are situated the improvements made by the defendant or any part thereof, and valued the land allotted to the defendant without regard to the improvements made upon said property or any of them. We valued the water power existing on said land without regard to any increase thereof by reason of the presence of said dam and said lake, or without regard to any development or improvement thereof. This value we find to be $2,000, of which the share of the plaintiff herein is worth $250.
"We carefully examined all of the land embraced in the above boundary, under the direction of the surveyor familiar with the boundary, and considered the value thereof without regard to any of the improvements *Page 617 
made thereon by the defendant or any of them. We find that the land situated in the southern and southwestern portions of said boundary is of somewhat less value per acre than the remainder of said boundary and that 75 acres of said land in said south and southwestern portion is equal in value to a one-eighth interest in said entire boundary without regard to any of the improvements made thereon by said defendants and without regard to the value of said water power as above found.
"We further find that the land in the northeastern portion of the boundary allotted to G. W. Fisher is worth on an average $25 per acre, and that ten (10) acres thereof is equal in value to the share of the plaintiff in the water power as above set forth.
"We, therefore, allot to said plaintiff as his share in said property, to be partitioned by us, 85 acres from the south and (550) southwestern portions of said boundaries above described, as fairly and equitably equaling in value his one-eighth interest in the above described boundary and in said water power thereon, as above set forth, and said tract of land so allotted to said plaintiff in severalty is bounded and described as follows: . . .
"We allot to said defendant as its share in said property, to be partitioned by us, __________ acres, from the northern portion of said boundary above described, together with the water power thereon, above mentioned, and valued by us at the sum of $2,000, as fairly and equitably equaling in value its seven-eighths interest in the above described boundary and in said water power thereon, as above set forth, and said tract of land so allotted to said defendant in severalty is bounded and described as follows: (Description omitted.)"
The plaintiff filed the following exceptions to the report:
1. Because the commissioners erred in finding as a fact that the power plant and power house erected by the defendant corporation, The Toxaway Company, on the tract on which the plaintiff had an undivided one-eighth interest, had been erected by the defendant corporation in good faith, and with no purpose or desire to deprive the plaintiff of any of his rights or privileges as a tenant in common with the said defendant in the lands described in the order of the court. This was a question of fact which could only be passed upon by a jury, and upon which there was much conflicting testimony before the commissioners.
2. The plaintiff further excepts to the report as filed by the commissioners because the valuation put upon the water power by the commissioners was far below the actual value as shown by the evidence heard by the commissioners.
3. We further except to the report of the commissioners because the land allotted to the plaintiff is a rough tract of mountain land entirely *Page 618 
cut off from the main public road and is not equal in value to any of the acreage allotted to the defendant corporation. Wherefore the plaintiff asks that the said report be set aside and that the question of fact involving the actual value of the water power upon the said tract and the good faith of the defendant corporation in making the improvements on the said tract after the court had decided that the plaintiff was a tenant in common with the defendant corporation be first submitted to a jury for its consideration and finding.
The report was confirmed, and the plaintiff excepted and appealed.
The exceptions of the plaintiff cannot be sustained.
The finding of good faith on the part of the defendant in (551) making improvements is immaterial, as the commissioners followed the judgment of Judge Adams in making the allotment between the plaintiff and the defendant and this judgment "ordered and adjudged that no land shall be allotted to the plaintiff on which are situated the improvements made by the defendant or any part thereof, and that the land allotted to the defendant shall be valued without regard to the improvements made upon said property."
This judgment established the rights of the parties, and the plaintiff not only failed to except to it, but he resisted the effort of the defendant to set it aside or reverse it, and under its provisions no part of the land on which improvements had been made could be allotted to the plaintiff, and he, therefore, had no interest in the question of good faith in making them.
It appears from the report that the commissioners allotted to the plaintiff 10 acres of land in lieu of his one-eighth interest in the water power, valued as if unimproved, and 75 acres, one-eighth in value of the remainder of the land, which is in strict accordance with the former judgment.
We cannot review the findings of the commissioners, approved by the judge, as to the value of the water power and of the land allotted to the plaintiff; but, if disposed to do so, it would be impossible, as the evidence is not sent up with the record.
We are confined to the exceptions, and cannot consider other matters, not arising upon the exceptions, which were presented on the oral argument.
We call the attention of the profession to the rule regulating the filing of briefs when the appeal is in forma pauperis. *Page 619 
The appellant is required to file six typewritten copies of his brief, the penalty for failing to do so being the dismissal of his appeal, and the appellee must file a printed brief or he will not be heard on the oral argument.
Affirmed.
Cited: Daniel v. Power Co., 204 N.C. 277 (2c); Jenkins v. Strickland,214 N.C. 444 (2c).