On 16 October, 1889, Judith Mendenhall, executrix of C. P. Mendenhall, conveyed a certain tract of land in Guilford County to Aaron Barnett. Prior to 21 July, 1903, Sarah Barnett, daughter of Aaron Barnett, married William Cosby. On 21 July, 1903, Aaron Barnett conveyed the land in controversy to his daughter, Sarah Cosby. Sarah Cosby died intestate and without issue prior to 1907. In 1907 William Cosby married a widow, who had a son by a former marriage, who is designated in the record as George Cosby. After the death of Sarah Cosby, William Cosby remained in possession of the land until his second marriage in 1907, and thereafter remained in possession until the house upon the land was burned. On 25 March, 1918, William Cosby conveyed the land to his step-son, George Cosby. On 3 July, *Page 169 
1926, George Cosby conveyed the land to the defendant, Julius Amaker. The plaintiffs are the heirs at law of Aaron Barnett. Certain of the heirs at law of Aaron Barnett conveyed their interest in the land to Schiffman, and on 15 June, 1928, Schiffman and other heirs at law of Aaron Barnett conveyed the land to the plaintiffs, Stephen Barnett and his wife. Stephen Barnett is a son of Aaron Barnett. Suit was instituted on 25 June, 1928.
The plaintiffs claim the land in controversy as heirs at law of Aaron Barnett, deceased. The defendants claim the land under the deeds from William Cosby and George Cosby, which they allege constitute color of title, and that, while William Cosby had no right to convey the land of his deceased wife, the Cosbys acquired title by adverse possession under color of title.
The verdict of the jury established the fact that the plaintiffs are not the owners of or entitled to the possession of the land. From judgment upon the verdict in favor of defendants, plaintiffs appeal.
The merits of the case turn upon the question of possession under color of title. There was ample evidence to support and justify the verdict, and therefore the finding of the jury is conclusive. The plaintiffs assail the charge of the court with respect to tacking and rely upon the case ofMorrison v. Craven, 120 N.C. 327, 26 S.E. 940. However, this case is not applicable to the facts disclosed by the record. Vanderbilt v. Chapman,172 N.C. 809, 90 S.E. 993.
No error.