CELI FLOWERS LOFTON AND HUSBAND, JAMES LOFTON; ALICE FLOW-
ERS MOORE AND HUSBAND, ISRAEL MOORE, v. ALEX W. BARBER
AND WIFE, MAUDE E. BARBER; ANNIE MAY WILLIS AND HUSBAND,
LEO WILLIS; C. C. ARCHBELL AND JOE COLLINS.

(Filed 18 September, 1946.)

**1. Deeds § 11—**

Ordinarily the intent of the parties as expressed in the deed must pre-
vail and in seeking the intent the deed must be construed by its four
corners, taking all of its provisions together.

**2. Adverse Possession § 9a—**

A deed which is regular on its face and purports to convey title to land
constitutes color of title even though void for matters *dehors* the record,
such as want of title in the grantor. G. S., 1-38.

**3. Same—**

A deed otherwise sufficient in form to convey the fee contained a para-
graph between the description and the *habendum* clause "after the death
of me (the grantee) and my wife . . . this land to be divided between my
two daughters . . ." The grantee and his wife executed a mortgage there-
on purporting to convey the fee as security, without the joinder of the
daughters. Defendants claim by *mesne* conveyance under the foreclosure.
*Held:* Deed to defendants purporting to convey the fee is color of title
regardless of whether or not the deed to the mortgagors conveyed to them
only a life estate with remainder to their daughters.

**4. Adverse Possession § 13a—**

Where the life tenant executes an instrument purporting to convey the
fee, the right of action of the remaindermen against those possessing and
claiming under such instrument by *mesne* conveyances accrues as of the
date of the death of the life tenant.

481

16—226

**5. Adverse Possession § 4d—**

The rule that the possession of the tenant is the possession of the land-lord, precluding adverse possession by the tenant without first surrender-ing the possession he has under the lease, obtains only when the tenant seeks to assert a title adverse to that of the landlord or assumes an atti-tude of hostility to that title, and does not apply where the tenant or those claiming under him assert title derived from the landlord and there-fore rely upon and claim under such title. G. S., 1-43.

**6. Same—**

Where a tenant acquires the title of his landlord by deed from the pur-chaser at the foreclosure sale of a mortgage executed by the landlord, and thus acquires a title derived from the landlord, G. S., 1-43 is not appli-cable, and the tenant's deed purporting to convey the fee is color of title, and adverse possession thereunder for seven years is sufficient to ripen the title in the grantee as against those claiming as remaindermen upon their contention that the landlord mortgagor had only a life estate in the lands.

**7. Same—**

Where a tenant acquires the title of his landlord, his leasehold estate merges in the greater estate conveyed by his deed, and the tenant is there-after under no obligation to recognize his former landlord as such or surrender possession to him before asserting the title thus acquired. G. S., 1-43.

**8. Adverse Possession § 9a—**

The grantee under an inoperative tax foreclosure deed may convey colorable title.

APPEAL by plaintiffs from *Thompson, J.,* at February Term, 1946, of BEAUFORT.

Civil action in common law ejectment.

On 25 October, 1909, W. A. T. Litchfield conveyed thirty-five acres of land in Beaufort County to Ned Flowers. The granting clause in the deed is "to said Ned Flowers, his heirs and assigns." The *habendum* clause is "to the said Ned Flowers and wife, Caroline Flowers, their heirs and assigns." The covenant clause is to like effect.

Between the description and the *habendum* clause the following para-graph appears:

"After the death of me and my wife, Caroline Flowers, then this land to be equally divided to be divided between my two daughters, Alice Flowers to have the house and the west side of the land, Celi Flowers to have the remainder, and then to the heirs."

When this deed from Litchfield to Flowers was recorded, the names of Ned Flowers, Caroline Flowers, Celi Flowers, and Alice Flowers were all listed in the index as grantees.

On 11 December, 1919, Flowers and wife conveyed said land to W. H. Hooker by mortgage deed, which purports to convey a fee, to secure a

loan of $115. This mortgage deed was foreclosed 30 April, 1925, and the land was purchased by C. C. Archbell. Foreclosure deed was executed 19 May, 1925.

The land was sold to satisfy unpaid taxes 5 October, 1925, and purchased at said sale by C. C. Archbell. A tax foreclosure deed, dated 8 November, 1926, was delivered to him. Archbell purchased at the two sales for Joe Collins, tenant of Ned Flowers.

Archbell, on 27 July, 1925, conveyed the land to Joe Collins and Joe Collins on 31 August, 1926, conveyed it to Mary Brown, who went into possession. She and her children, heirs at law, have remained in possession thereof, since said date, claiming title thereto under said deed. Ned Flowers died 10 November, 1928. His wife Caroline was then dead.

This action was instituted 21 September, 1945. At the time of the death of Ned Flowers in 1928 his two daughters, plaintiffs herein, were of full age, the younger daughter now being 51 years of age.

The court below submitted the following issue: "Are the plaintiffs the owners and entitled to possession of the land described in the complaint?" and directed a verdict in favor of defendants. The jury answered the issue "no." There was judgment on the verdict and plaintiffs appealed.

*J. H. Bonner for plaintiffs, appellants.*
*Carter & Carter for defendants, appellees.*

BARNHILL, J. Plaintiffs make no attack on the mortgage deed from Flowers to Hooker or upon the deed executed in foreclosure thereof other than to assert that they convey at most only an estate for the life of Ned Flowers. They rely primarily upon the contention that the language in the paragraph immediately following the description in the Litchfield deed limits the title conveyed to Ned Flowers to an estate for life and vests title in remainder in them.

Ordinarily the intent of the parties as expressed in the deed must prevail and in seeking the intent the deed must be construed by its four corners, taking all of its provisions together. *Krites v. Plott,* 222 N. C., 679, 24 S. E. (2d), 531.

When the language used in the Litchfield deed is so considered it readily appears that *Jefferson v. Jefferson,* 219 N. C., 333, 13 S. E. (2d), 745, and *Krites v. Plott, supra,* are distinguishable. In both the *Jefferson* and the *Krites cases,* there was language expressly limiting the estate of the first taker and of grant or conveyance to those who claimed title in remainder. Such is not the case here.

Whether the absence of such language renders the paragraph relied upon by plaintiffs nugatory and ineffectual we need not now decide, for

the deed from Collins to Brown, if not a valid conveyance of a fee simple estate, is at least effective as color of title.

Want of title in the grantor does not nullify the effectiveness of a deed as color. *Glass v. Shoe Co.,* 212 N. C., 70, 192 S. E., 899; *Dorman v. Goodman,* 213 N. C., 406, 196 S. E., 352; *Nichols v. York,* 219 N. C., 262, 13 S. E. (2d), 565; *Berry v. Cedar Works,* 184 N. C., 187, 113 S. E., 772; *Fisher v. Toxaway,* 165 N. C., 663, 81 S. E., 925; *Burns v. Stewart,* 162 N. C., 360, 78 S. E., 321; *Barnett v. Amaker,* 198 N. C., 168, 150 S. E., 878.

When the deed is regular upon its face and purports to convey title to the land in controversy, it constitutes color of title even though void for matters *dehors* the record. It is immaterial whether the conveyance actually passes the title. It is sufficient if it appears to do so. *Alsworth v. Cedar Works,* 172 N. C., 17, 89 S. E., 1008; *Vance v. Guy,* 224 N. C., 607, 31 S. E. (2d), 766.

So then the seven-year statute, G. S., 1-38, has no reference to titles good in themselves, but is intended to protect apparent titles void in law. *Perry v. Bassenger,* 219 N. C., 838, 15 S. E. (2d), 365.

Here the deed from Collins to Brown is regular upon its face and purports to convey title without limitation, reservation or exception. As such it is at least color of title to the entire interest in the land it purports to convey. *Vance v. Guy,* 223 N. C., 409, 27 S. E. (2d), 117. This deed was executed 31 August, 1926. The grantee immediately went into possession and she and those claiming under her have been in the exclusive possession thereof since said date, claiming it as their own. So the record indicates.

Conceding but not deciding that plaintiffs acquired title in remainder under the Litchfield deed, their right of action accrued at the death of the life tenant, 10 November, 1928. *Hauser v. Craft,* 134 N. C., 319. Yet for "12 or 15 years" they made no inquiry or investigation and they took no action to challenge the possession of those claiming under the Collins deed until 21 September, 1945. In the meantime the defendants by their adverse possession under color, if not by their deed, have acquired a title which the plaintiffs cannot now assail.

But plaintiffs insist that the record discloses Collins was a tenant of Ned Flowers, that the tenant's possession is the possession of the landlord, G. S., 1-43, and that a tenant under lease may not maintain an action against his landlord involving title during the period of lease without first surrendering the possession he has under the lease.

The rule thus stated is sound in principle and has always been rigidly enforced in this jurisdiction. *Lawrence v. Eller,* 169 N. C., 211, 85 S. E., 291.

The position does not obtain, however, where after renting the title of the landlord has terminated or has been transferred either to a third

person or the tenant himself, for, under the doctrine as it now prevails, the loyalty required is to the title, not to the person of the landlord. There must be a precedent surrender of possession only when the tenant seeks to assert a title adverse to that of the landlord or to assume an attitude of hostility to his title or claim of title. 32 Am. Jur., Landlord and Tenant, sec. 114, 115, 117; *Lawrence v. Eller, supra; Murphy v. Taylor,* 214 N. C., 393, 199 S. E., 382; *Insurance Co. v. Totten,* 203 N. C., 431, 166 S. E., 316; *Hargrove v. Cox,* 180 N. C., 360, 104 S. E., 757; *Abbott v. Cromartie,* 72 N. C., 292; *Murrell v. Roberts,* 33 N. C., 424.

Thus the doctrine has no application here. Those claiming under Collins do not assert title hostile to that of Ned Flowers, the landlord. They are acknowledging, asserting, and relying upon that title, as acquired in due course by Collins and through Collins by them. The strength of his title is the foundation of their claim.

Furthermore, when Collins acquired the title of his landlord his leasehold estate was merged in the greater estate conveyed by his deed. *Trust Co. v. Watkins,* 215 N. C., 292, 1 S. E. (2d), 853. Thereafter he was under no obligation to recognize his former landlord as such or to surrender possession to him before asserting the title thus acquired.

It follows that Collins was not a tenant in the sense that it required twenty years' possession under color by him and those claiming under him to perfect his title as contended by plaintiffs.

In view of our conclusion regarding the Collins deed we need not consider the tax foreclosure deed further than to say that the grantee under an inoperative sheriff's deed may convey colorable title. *Everett v. Smith,* 44 N. C., 303; *Murrell v. Roberts, supra.*

The charge of the court below is sustained by the record. Exception thereto is without merit. Hence the judgment must be

Affirmed.