C. G. McCULLOH and JAMES McCULLOH v. JOSIAH DANIEL.

*Land—Statute of Limitations—Purchaser at Judicial Sale.*

A purchaser at a judicial sale of the lands of a decedent, and holding
   under a deed from the commissioner, which purports to convey
   the entire interest in the land, is protected by his adverse posses-
   sion for seven years, against any of the heirs, not under disability,
   though they were not made parties to the proceedings. And so it
   would have been if the deed had been executed by a stranger.

CIVIL ACTION, tried before *Clark, J.*, at Spring Term, 1888,
of the Superior Court of DAVIE County.

The plaintiffs alleged that they were the owners of two undi-
vided fifths of the land in controversy, as devisees of Alfred
McCulloh, deceased, and that the defendant is the owner of
the other three-fifths, as tenant in common with plaintiffs,
and is in possession, and wrongfully withholds the same, and
they demand judgment, that they be "let into possession," &c.

The defendant answers at much length, averring several
grounds of defence, and among them, in substance, that the
land in question was sold publicly by James M. Johnson, execu-
tor of Alfred McCulloh, deceased, on the 1st day of May, 1869,
in obedience to a decree of the Superior Court of Davie County,
at which sale the defendant became the purchaser; that the
sale of the land was confirmed, the purchase money was
paid, and a deed, under a decree of the Court, executed to
him therefor, and that he has held the same ever since,
adversely to all persons, under the said deed. That the pur-
chase was " with the full knowledge, and without objection
on the part of the plaintiffs, and that by their acts and con-
duct he was encouraged to buy " said land. There are also
averments of facts, showing possession adverse to plaintiffs,
and the recognition, by them, of the sole ownership of the
   102—34

defendant, and he relies upon his purchase and deed, and the adverse possession thereunder, and the statute of limitations.

After referring to the complaint and answer, to be taken as part thereof, the following is a statement of the case on appeal:

"The testator died, and James M. Johnson duly qualified as his executor prior to the 11th day of September, 1867, at which time said executor filed his petition for the sale of the land in controversy for assets to pay the debts of said Alfred McCulloh An order of sale was granted, and the land was sold at public auction at the court-house in Mocksville, when and where defendant bought. The sale was, at Fall Term, 1869, of Davie Superior Court, confirmed, defendant paid the purchase money, and on the 6th day of November, 1869, took a deed from the executor for the entire tract of land, and has been in the exclusive and adverse possession of the same, under said deed, from that time down to the present. The judgment purported to be against all the heirs-at-law of Alfred McCulloh, deceased, but as a matter of fact the plaintiffs were not served with process, nor did they appear and file any answer.

"The only question presented on the appeal is that of lapse of time and statute of limitations, the above facts being agreed. The plaintiffs contended that the defendant only obtained by his purchase the undivided three-fifths interest of the three devisees made parties to the proceedings to sell the land for assets, and that as he had not been in possession of the land for twenty years, their rights were not barred, as they claimed to be tenants in common with defendant.

"The Court being of opinion that the land descended to the heirs-at-law only *sub modo*, subject to the prior right of the creditors of testator to subject it to payment of his debts, and the sale having been adjudged of the entirety owned by such

testator, and not of the interest of any of the tenants in common, the deed made in pursuance thereof, purporting to convey the entire interest of such testator, was color of title of the testator's interest, and it being admitted that defendant has been in exclusive adverse possession, under known and visible lines and boundaries of the land, under said deed, from its date (1869) down to this date, directed the jury to find the issue submitted in favor of defendant."

Verdict and judgment for the defendant, and exception and appeal by plaintiffs.

*Mr. A. E. Holton*, for the plaintiffs.
*Mr. Ed. Gaither* (by brief), for defendant.

DAVIS, J. (after stating the case). This case cannot be likened to a sale of the interest of one tenant in common under execution, as in *Ward* v. *Farmer*, 92 N. C., 93, or to any one of the numerous cases of a sale of one tenant in common, whether purporting to sell his own interest only, or the entire interest in the land, cited by the counsel for the plaintiffs.

It is insisted for the plaintiffs that, as in fact no process was served on them, the sale, as to them, was absolutely void, and the effect of the deed was to constitute the defendant a joint tenant with them, and could not confer a title adverse to them. We are relieved, by the facts in this case, of the necessity of considering this question.

The defendant does not claim under a deed from any one or more of the heirs or devisees of Alfred McCulloh, or under a deed purporting to sell the interest of one or more of the heirs, but he claims against all of them, and not under any of them, under a deed from J. M. Johnson, made under a decree of the Superior Court of Davie County, in certain judicial proceedings to sell land of the testator to make assets; and an adverse possession under such a deed for seven

years would confer a perfect title against all persons who were laboring under no disability, and this even if the deed had been made by a stranger, and without any pretence of judicial or other sanction. The defendant having held the land, under the deed referred to, exclusively and adversely to the plaintiffs for more than seven years from November 6, 1869, to the bringing of this action, September 17, 1877, there was no error in the ruling of his Honor.

No error.                                           Affirmed.