J. N. AMIS et al. v. L. J. STEPHENS et al.

*Tenant in Common—Color of Title—Possession, Adverse—Sale, Judicial and Execution.*

The vendee of a tenant in common, or the purchaser at execution sale of land belonging to a tenant in common, takes only such estate or interest as such tenant had, and hence twenty years adverse possession will be necessary to bar the co-tenants; but where a purchaser claims under a judicial sale, based upon a decree which purports to cover the whole estate in the tract, and a deed in conformity therewith, it constitutes color of title to the whole, and seven years adverse possession will bar the other tenants.

This was a CIVIL ACTION, tried before *Whitaker. J.*, at the Spring Term, 1892, of PERSON Superior Court, upon the following agreed facts:

The plaintiffs are the children of E. R. Amis, a daughter of John Paylor. E. R. Amis, the mother of plaintiffs, died in 1882, at which time all the plaintiffs were twenty-one years of age and under no disability; in 1860, under certain proceedings, John Barnett, Clerk and Master of the Court of Equity in Person County, executed a deed sufficient in form to convey the fee in the *locus in quo* to B. D. Paylor; in 1862 B. D. Paylor executed a deed sufficient in form to convey the fee to John F. Wagstaff; in 1869 John F. Wagstaff executed a deed sufficient in form to convey the fee to 241 acres to Mrs. Annie Paylor and 70 acres to B. D. Paylor; in 1874 Mrs. Annie Paylor executed a deed sufficient in form to convey 173 3-5 acres of said tract to A. J. Hester and 64 4-5 acres of said tract to T. J. Stephens, the defendants in this action; in 1885 said B. D. Paylor being dead, his heirs in a special proceeding for that purpose, the said 70 acres was sold by order of Court by J. R. Chambers, Commissioner, to defendants and conveyed by him by sufficient deed to pass the fee; since said conveyances defendants have been in

possession of said lands exclusively and solely, claiming the possession and the title in fee-simple as their mesne convey-ancers since 1860 had done. Plaintiffs are now and always have been residents of the State of Arkansas, [and made demand for the first time of defendants in 1891, the money paid under the sale by Barnett was paid to Byrd D. Paylor, trustee of E. R. Amis, and was by him paid to J. N. Amis, husband of E. R. Amis, and father of plaintiffs, and who was never their trustee or guardian. The defendants have put in pleas sufficient in form to plead the twenty years statute, the seven years statute, the ten years statute and the three years statute of limitations. Plaintiffs were *in esse*, or some of them were, at time of order of sale in 1860.

It was further agreed that his Honor should find the fur-ther facts necessary to a judgment in the case upon the docu-mentary evidence. In 1869 Mrs. E. R. Amis bought a tract of land in Arkansas, the consideration therefor being $650; that said Mrs. E. R. Amis had no property or effects except what she had derived directly or indirectly from John Paylor's estate—her father—and her husband was insolvent; from said John Paylor's estate there was belonging to her in 1867 the sum of $761, or thereabout, it being her full part of said estate, and all this sum was by B. D. Paylor, John Paylor's executor, paid in 1867 to John Amis, husband of said E. R. Amis; Mrs. Amis never sold said land bought by her in Arkansas, and at her death in 18__ it descended to her heirs, the plaintiffs herein, who then became its owners.

In addition to the above facts, by agreement, there were introduced in evidence before the court of equity proceedings hereinbefore referred to, in the case of Byrd D. Paylor, exec-utor *ex parte*, the will of John Paylor and the deed for the Arkansas land from one Alexander to Mrs. E. R. Amis. And thereupon his Honor found the additional facts and gave judgment as stated in record, whereupon the defend-ants excepted because of error in finding that plaintiffs were

tenants in common with defendants, that plaintiffs were not barred by the statute of limitations and because of refusal to find that the plaintiffs in this action received purchase-money. The defendants, for said alleged errors moved for a new trial, which was refused, and appealed.

*Mr. W. W. Kitchin* (by brief), for plaintiffs.

*Mr. V. S. Bryant,* for defendants.

CLARK, J.: This case is " on all fours " with *McCulloh* v. *Daniel,* 102 N. C., 529, which is decisive of it. His Honor's attention was doubtless not called to that case. This is not a deed made by one tenant in common purporting to convey the whole, nor a deed of a Sheriff under an execution sale against one tenant in common. In those cases the purchaser takes the right—neither more nor less—which the tenant in common had, and becomes a tenant in common in his stead. Hence twenty years adverse possession of the whole is necessary to bar the other tenants in common. *Ward* v. *Farmer,* 92 N. C., 93.

But here the sale, made by order of the Court in 1860, purporting to convey the whole, and the decree and deed of the commissioner to same effect, is like the deed of a stranger. It was color of title, and the defendants, and those under whom they claim, have been in adverse possession ever since. It has been more than three years since 1882 (when all the plaintiffs ceased to be under disability) to the beginning of this action, and the defendants have acquired a good title. *The Code,* §§ 141, 148; *Johnson* v. *Parker,* 79 N. C., 475.

Upon the facts found, judgment must be entered below in favor of the defendants.　　　·　　　　　　　Reversed.