### S. R. FOWLE & SON v. WHITLEY & WARREN.

(Filed 16 September, 1914.)

**1. Tax Deeds—Requisites of Statute—Color of Title.**

The purchaser of lands at a sale for taxes in 1898 who acquires a sheriff's deed therefor in 1899, without making the affidavit and giving the notice required by secs. 64 and 65, ch. 169, Laws 1897, has only color of title to the lands under his tax deed.

**2. Same — Possession — Presumptions—Burden of Proof—Trials—Evidence.**

R. was seized and possessed of certain lands, and lived thereon, until his death, with W. The latter received a tax deed from the sheriff to the lands, which operated only as color of title, and the two thereafter lived on the lands without change of attitude towards the possession, and after the death of R. his heirs at law sued to remove the tax deed as a cloud upon the title to the lands. W. testified that upon receiving the tax deed he immediately entered into possession of the lands, cultivating it, etc. *Held*, there is no presumption in law of adverse possession against a true paper title, and the burden of proof was on W. to show some act of ouster of R., of which the evidence in this case is insufficient.

APPEAL by plaintiff from *Ferguson, J.,* at February Term, 1914, of BEAUFORT.

*Ward & Grimes for plaintiffs.*
*Small, MacLean, Bragaw & Rodman for defendants.*

CLARK, C. J. This is an action to remove a cloud from a title. In 1898 Isaiah Rowe was seized and possessed of the tract of land in question. On 1 May, 1898, the land was sold for taxes, and on 3 May, 1899, the sheriff executed a deed therefor to the defendant Warren. Warren, however, failed to make the affidavit and to give the notice required by secs. 64 and 65, ch. 169, Laws 1897, and the court properly held that the tax deed was merely color of title. Warren was the nephew of Rowe, and was living with him on the land at the time of the purchase, and Rowe continued to live on the land up to within some fifteen or twenty days of his death, in July, 1901, and this action was brought in January, 1907. So that the defendant could not claim title under seven years adverse possession unless such adverse possession began before the death of Rowe. Rowe died intestate, leaving several heirs at law, of whom the defendant Warren was one.

Warren testified that he "entered into possession of this land as soon as he got the deed; that he went to farming on it, cutting rail timber and cultivating it and using it like any other property." In 1905 Warren sold a part of the land to the defendant Whitley. The plaintiffs purchased their interest from the other heirs at law, who claimed to be cotenants with D. C. Warren, who inherited one-fourth interest in the land, unless, as he claimed, he was entitled to the whole under his tax title.

The tax title being merely color of title, for the reason above given, the burden was on Warren to show that he acquired the adverse possession prior to the death of Isaiah Rowe. It is true, he testified that he "entered into possession of the land," but his evidence is that Isaiah Rowe was then living on the land, as he had been for many years previous, and that he continued there until a very few days of his death. Warren did not show any act or assertion of adverse possession to Rowe, who remained on the land, and there is no evidence that he paid rent or otherwise acknowledged the title and possession of D. C. Warren. There

is no act of disseizin shown. From all that appears, both continued to live on the land as prior to said sale, without any change in the attitude of the parties to the possession. There is no evidence of the exclusive possession of Warren or any acknowledgment on the part of Rowe.

The court, therefore, erred in refusing the prayer, "There is no evidence in this case that any possession of D. C. Warren during the life of Isaiah Rowe was adverse to said Rowe."

There was also error in refusing the prayer, "The law raises no presumption to sustain a claim of title by way of adverse possession against a true paper title" (*Monk v. Wilmington,* 137 N. C., 322; *Bland v. Beasley,* 145 N. C., 168), and in refusing to charge, "There is no evidence in this case that Isaiah Rowe, after the tax deed, paid any rent to D. C. Warren, or that he was recognized by Warren as Warren's tenant or that his possession until his death was that of D. C. Warren."

The court also refused to charge, as prayed, "In order that Warren's possession, after getting his tax deed, should become adverse to Rowe, who was living on the land, it must appear to the satisfaction of the jury that Warren took such possession and performed such acts of occupancy as would have entitled Rowe to maintain an action of trespass in ejectment, or that Rowe attorned to Warren by doing such things or making such agreement as recognized himself as Warren's tenant." There is error in refusing this prayer. Indeed, there is no evidence to support such allegations, and the court should have so told the jury.

The jury found that the deed from Warren to Whitley was a cloud upon the title of plaintiff, and the defendants did not appeal. The jury found, however, against the plaintiffs as to the rest of the land, and the instruction to the jury in regard thereto, as pointed out, was

Error.