Mrs. LILLIAN L. KIVETT v. S. J. GARDNER.

(Filed 5 May, 1915.)

**1. Tax Deeds—Seals—"Color"—Irregular Deeds—Limitation of Actions.**

Sheriff's deed made to lands bought in by the county at a sale for taxes purporting to convey the lands is color of title for the purchaser from the county, though lacking a seal, and the purchaser's sufficient possession thereunder will ripen into an indefeasible title. *Semble,* the purchaser's possession for three years under an irregular sheriff's deed would be sufficient. Revisal, secs. 2909, 395.

**2. Tax Deeds—Sales—Purchased by County—Foreclosure—Interpretation of Statutes.**

A county may become the purchaser of lands at its sale for taxes without resorting to foreclosure. Revisal, sec. 2905.

APPEAL by plaintiff from *Connor, J.,* at November Term, 1914, of HARNETT.

Civil action of trespass, involving, also, an issue as to title.

There was evidence tending to show that in 1824 Alex. McKay, sheriff, conveyed the land in question to Neil McNeill, Sr.; that he died, leaving two children, Archibald McNeill and Caroline Turner; that plaintiff is daughter of Archibald and that she has acquired the interests of the other children and grandchildren, descendants and heirs at law of Neil McNeill; that the land was listed for taxation as the property of these heirs, or some of them, in 1895 or '96; that the land was sold for taxes in 1897 and a paper-writing was executed, purporting to be in pursuance of such sale, in terms as follows:

Whereas at a sale of real estate for the nonpayment of taxes made in the county aforesaid on 3 May, 1897, the following described real estate, towit, 100 acres of land in Black River Township, adjoining the lands of S. J. Gardner, H. A. Williams, and C. C. Barbee estate, it being bid off to the county of Harnett, it being the last and highest bidder, for the sum of $10.66 tax and $3.69 cost and interest, making $14.35; and whereas the same not having been redeemed from sale, and it appearing that the holder of the certificate of purchase of said real estate has complied with the laws of North Carolina, necessary to entitle him to a deed of said real estate: Now, therefore, know ye, that I, J. H. Pope, sheriff of said county of Harnett, in consideration of the premises and by virtue of the statutes of North Carolina in such cases provided, do hereby grant and convey unto Alex. Stewart, his heirs and assigns forever, the said real estate hereinbefore described, subject, however, to any redemption provided by law.

Given under my hand and seal, the 6th day of June, Anno Domini.

J. H. POPE, *Sheriff*.

That defendant had acquired, by proper conveyances, the interest of Alex. Stewart, the purchaser.

His Honor, having held that this paper was inefficient to convey the title, admitted the same as color of title, and thereupon defendant offered evidence tending to show that not long after the execution of the paper Alex. Stewart had taken possession of the property, claiming to own the same under the above instrument, and that he and his grantees had held it under this and the conveyances since made for more than seven consecutive years next before action brought, and apparently more than ten years; that none of the deeds made by Stewart and his successors in interest bore date more than seven years before suit; only the paper-writing above set out bearing such date.

On issues submitted, there was verdict for defendant. Judgment, and plaintiff excepted and appealed, assigning for error chiefly that the paper-writing in question was not good as color.

*J. R. Baggett, Winston & Biggs for plaintiff.*
*J. C. Clifford, Charles Ross for defendant.*

HOKE, J. Color of title has been defined with us as "a paper-writing, usually a deed, which professes to pass the title, but fails to do so" (*Knight v. Roper Lumber Co.,* 168 N. C., 452), and we are of opinion that the instrument under which defendant claims comes chiefly within the words and meaning of the definition. It is urged for plaintiff: (1) That a tax deed, void for noncompliance with the statute, may not constitute color. (2) That in any event the present instrument is not properly color, for lack of a seal. But the first position has been

resolved against the plaintiff in *Greenleaf v. Bartlett,* 146 N. C., 495, and the second in *Avent v. Arrington,* 105 N. C., pp. 377-392, cited, with approval, at the present term, in *Knight's case, supra,* and in *Gann v. Spencer,* 167 N. C., 429.

True, we have held in several cases coming under the former law that when a county bid in land it acquired only the right to foreclose (*Wilcox v. Leach,* 123 N. C., 74), and that when it attempted to convey the title without foreclosure, the conveyance was void (*Smith v. Smith,* 150 N. C., 81), but none of these decisions affect the doctrine of adverse possession under color of title where, as in this case, it is made to appear that the sheriff has executed a written instrument purporting to convey the land in fee, and the grantee, claiming as owner under it, has taken and held possession adversely for more than seven and even more than ten years, according to the testimony.

Regarding defendant as a purchaser under an irregular sale for taxes, it would seem that three years adverse occupation, under a sheriff's deed, is all that would be required. Revisal, secs. 2909 and 395; *Layman v. Hunter,* 123 N. C., 508.

It may be well to note that, under the present law, Revisal, sec. 2905, a county purchasing land for taxes may take a deed therefor without resorting to foreclosure (*McNair v. Boyd,* 163 N. C., 478), and this case holds, too, that it is only when the owner has been in possession that the ordinary statutes of limitations do not operate against him.

We find no error to plaintiff's prejudice in the proceedings below, and the judgment in defendant's favor is affirmed.

No error.