R. A. CANTER v. S. S. CHILTON.

(Filed 17 April, 1918.)

1. **Boundaries—Evidence—Declarations.**

   Declarations as to definite markings of the corners of lands in controversy, made by one without interest, since deceased and before the controversy arose and sufficiently remote, are competent evidence.

2. **Limitation of Actions—Color—Adverse Possession—Title—State.**

   Evidence of necessary adverse possession and location of lands under color for thirty years is sufficient to take title out of the State; as, also, in this case, a grant from the State.

3. **Limitation of Actions—Adverse Possession—Partition—Color—Boundaries—Judgments—Deeds and Conveyances.**

> An entry upon and taking possession of lands under a judgment in partition proceedings constitute color of title, but it is necessary, in an action to recover the lands, for the party thus claiming, to introduce in evidence the petition, or a description of the land thus entered; and where he has failed to do so and introduces a later and sufficient deed to show color, his adverse possession will only be considered from the later period.

4. **Limitation of Actions—Adverse Possession—Color.**

> Where the only disputed question in an action to recover lands is the dividing line between two adjoining owners, depending upon the location of a controverted corner, the question of adverse possession under color does not arise.

CIVIL ACTION to recover a tract of land, tried before *Harding, J.,* at April Term, 1917, of SURRY.

From verdict and judgment for plaintiff the defendant appeals.

*Manning & Kitchin, S. P. Graves, and J. H. Folger for plaintiff.*
*W. L. Reece and A. E. Holton for defendant.*

BROWN, J. The *locus in quo* is a small tract of land embraced by the letters G-E-B-C on map. The plaintiff owns the land on east known as Beeson lands and defendant the lands known as the McKinney lands on the west. The plaintiff claims that the true division line is the dotted line G to E, and defendant claims it is the solid line C to B.

The defendant excepts to the testimony of witness Wall, who testified to the declarations of Louis Key and Enoch Johnson to the effect that the hickory and poplar marked the corner of the Beeson land. The witness testified that Key and Johnson were dead and that the poplar was Louis Key's and the McKinney corner. It appears that the declarants had no interest in the land and that their declarations were made long before this controversy arose in 1911. The witness further testified that he saw Enoch Johnson point out the poplar and that he said it was the corner of the Beeson land and Key's and McKinney's corner.

The evidence is clearly competent under numerous rulings of this Court. *Halstead v. Mullen,* 93 N. C., 252; *Sullivan v. Blount,* 165 N. C., 7.

The motion to nonsuit was properly overruled.

There is evidence tending to prove that the plaintiff and those under whom he claims have been in actual possession of the land described in the complaint under color of title for more than thirty years. The evidence of their possession is full and consists of unequivocal acts of ownership testified to by witnesses Hill and Wall.

This is sufficient evidence to prove title out of the State, although the introduction of the Shoeber grant does that. In our opinion there is evidence sufficient to show that it covers the land claimed by plaintiff.

The defendant excepts to the following instruction: "The plaintiff contends that if you take the defendant's own evidence, he began to clear it in 1903, and that he did not get his deed until 1905, and that acts of possession that he performed and the dominion or possession that he exercised over the land prior to the date of this deed in 1905; that he was there under nobody; that he was not there under color of title, but that his color of title began in him when he got his deed and the court charges you that this is true; that his color of title began when he got his deed."

This instruction is correct so far as it applies to the evidence in this case. It is familiar law that color of title is given by descents cast and by judgments and decrees, as well as by deeds and other proper writings. 1 Cyc., 1083, 1100. An entry under partition proceedings constitutes good color. *Smith v. Tew,* 127 N. C., 299; *Bynum v. Thompson,* 25 N. C., 579. So an entry upon and taking possession of land under a judicial decree is good color and this is generally true, although the decree is irregular or even void. 1 Cyc., 1100, and notes.

The defendant claims title to the McKinney land under a sale for partition made in 1902 and confirmed in 1903. The deed by the commissioners to Chilton was executed 6 March, 1905. The defendant entered October, 1903. The defendant's color would begin to take effect at time of his entry and possession but for the fact that the petition is not in

evidence and the order of sale and confirmation contains no description of any land.

There is nothing in the record purporting to describe any land claimed by defendant except the deed of 1905. While a judicial sale and the proceedings authorizing it are color of title, it must be shown that they cover and include the land upon which the entry is made by such authority. An instrument in order to operate as color of title to the claimant thereunder must sufficiently describe the land intended to be conveyed. 1 Cyc., 1085.

The judge was, therefore, correct in his instruction, because no paper of any kind antecedent to the deed containing any description of the land had been introduced by defendant. *Barker v. R. R.,* 125 N. C., 596; 1 R. C. L., 713.

The fact is the question of color of title does not arise upon the facts of this case so far as defendant is concerned. In any view of the evidence, if believed, the plaintiff has shown title to the Canter or Beeson lands. The defendant claims nothing more than the adjoining tract, known as the McKinney land. The only controversy arises out of the location of the dividing line between the two tracts.

The real dispute was as to the proper location of the hickory and poplar corner, the defendant claiming that the corner was on the bank of the branch. The land actually in dispute is that land embraced in the boundary between the corner as claimed by the plaintiffs and the corner as claimed by the defendant.

The jury appear to have settled the matter by adopting the plaintiff's contention.

Upon a review of the record, we find

No error.