THEODORE R. ANGE, CLARA E. ANGE AND HENRY L. ANGE v. A. LLOYD OWENS, MILDRED OWENS AND EDWARD L. OWENS.

(Filed 11 October, 1944.)

**1. Constitutional Law § 4a—**

The Legislature has no power to validate a void judgment, or indeed to give validity of any sort to a proceeding absolutely void.

**2. Judgments § 22h: Clerks of Superior Court § 3—**

The former statute, Michie's Code, sec. 597 (b), providing that no judgment shall be entered by the clerk except on Monday, unless otherwise provided, makes void and of no effect such judgment of the clerk on any other day. G. S., 1-215, and 1-215.1 have changed this requirement.

**3. Adverse Possession § 13f: Judgments § 22h—**

Where one tenant in common claims sole seizin and adverse possession under a void judgment, his status, as to any title by adverse possession must be determined by the twenty-year statute, G. S., 1-39, rather than the seven-year statute, G. S., 1-38.

APPEAL by defendants from *Thompson, J.,* at January Term, 1944, of WASHINGTON.

This action was brought by the plaintiffs to clear the title of their interests in certain lands described in the complaint and to have adjudged the several interests of the parties plaintiff and defendant therein as tenants in common.

Since it appeared to the court that the rights respectively of the plaintiffs and the defendants depended upon the validity of a certain deed under which the defendants claim, made under an order of court in a tax foreclosure proceeding theretofore pending in Washington County, in which proceeding the persons now before the court were parties or to which they were privies, the court below treated the present action as a motion in that cause, and by the acquiescence of the parties, proceeded to find the facts and to enter his judgment.

Upon these facts it appears that all of the parties claim under Levi H. Ange, who owned the disputed lands in fee, which, upon the death of Levi, descended to his children, Henry, Theodore, Clara and Lucy, subject to the dower interest of his widow, Cornelia, which has now terminated.

Some time in 1931, Lucy Ange Radford and her husband conveyed an undivided one-fourth interest in the land to A. L. Owens, now deceased, to whom A. Lloyd Owens, Edward L. Owens, and Mildred Owens, the defendants, are heirs at law.

Shortly before the death of A. L. Owens, Sr., Edward L. Owens instituted an action in Washington County against the plaintiffs herein, and also his father, A. L. Owens, as codefendant, and others, to foreclose a tax lien on these lands, claiming that he had purchased the same at a tax sale for taxes for the year 1930.

It appears that at the foreclosure sale one E. G. Arps bid off the land as agent for A. L. Owens, Sr. The sale was confirmed, and in the judgment of confirmation, it was ordered that the commissioner make a deed to the lands to the said E. G. Arps, which was done. Arps conveyed the lands, without consideration, to A. L. Owens, who went in possession thereof.

The defendants claim sole seizin to the entire land through this deed to Arps—*mesne* conveyance to A. L. Owens, Sr., and inheritance from him.

It is found as a fact, and not disputed, that the judgment ordering the sale was rendered on Friday, 24 March, 1933, and the judgment confirming the foreclosure sale and ordering deed made to Arps was rendered on Tuesday, 16 May, 1933. Neither judgment, therefore, was rendered on Monday as required by the statute, but respectively on Friday and Tuesday. It is the contention of the plaintiffs that the judgments are, therefore, void. The defendants contend that they are valid, or that, at most, they were merely irregular and that this irregularity was cured by the statute, G. S., 1-215.1.

There are also questions raised as to laches of the plaintiffs in failing to apply for relief promptly, of the bar of statutes of limitations; and as to the trust arising by virtue of the fact that A. Lloyd Owens, Sr., a cotenant, bought the land for his own benefit. The basis of decision does not require them to be set out in detail.

*Rodman & Rodman for defendants, appellants.*

*John A. Mayo, Junius D. Grimes, and Z. V. Norman for plaintiffs, appellees.*

SEAWELL, J. As the case hinges on the question whether these judgments are absolutely void or merely irregular, it will not be necessary to consider other contested features.

The law has undergone various changes with respect to the days on which the clerk might render judgment under the jurisdiction given him by the Civil Procedure Act of 1921 (Extra Session) and amendments. At the time the judgments challenged by the plaintiffs as void were rendered—respectively, Friday, 24 March, 1933 (ordering sale), and Tuesday, 16 May, 1933 (confirming sale and ordering deed made)—

section 597 (b) of Michie's Code, chapter 92, s. 10, Extra Session of 1921, chapter 68, Public Laws of 1923, fixed the time for entry of such judgments. It reads in part as follows: "No judgment shall be entered by the clerk, except as herein otherwise provided, except on every Monday of each month." No other provision of the law at that particular time authorized the rendition of a judgment of this sort on any other day.

As to whether a judgment of this sort, rendered by the clerk of the court on any other day except the Mondays designated by the statute, is void or irregular is no longer an open question here. In *Beaufort County v. Bishop,* 216 N. C., 211, 4 S. E. (2d), 525, *Mr. Justice Winborne,* speaking for the unanimous Court, said:

"In the present case the clerk, by entering two decrees, one on 10 February, 1939, and the other on 21 February, 1939, has undertaken to confirm the sale and to order title made and executed. The first of these orders was on Friday, and the second on Tuesday. Therefore, the clerk having undertaken to act at a time when he had no jurisdiction to act, the purported orders of confirmation are void and give no force or validity to the deed of the commissioner purporting to be executed thereunder. *McCauley v. McCauley,* 122 N. C., 288, 30 S. E., 344."

That G. S., 1-215.1, chapter 301, sec. 4, Public Laws of 1943, was directly intended to cover a situation of this kind, and to validate judgments thus rendered, there can be no question. However, it is well understood that the Legislature has no power to validate a void judgment, or indeed to give validity of any sort to a proceeding absolutely void, since *"ex nihilo nihil fit* is one maxim which admits of no exceptions." *Chemical Co. v. Turner,* 190 N. C., 471, 130 S. E., 154.

We have considered the question of the bar of the statute of limitations, and are of opinion that in this case, since the defendants hold under a void deed as color of title and must, for the purposes of this motion, be regarded as tenants in common with the plaintiffs, their status as to any title by adverse possession under color they may now assert must be determined by G. S., 1-39, rather than G. S., 1-38. The requisite twenty years has not expired. Whether any statute of limitations is available to defendants during the pendency of the foreclosure proceeding, it is unnecessary for us to decide.

The judgment from which appeal is taken was correct and is
Affirmed.