HAMPTON JOHNSON AND WIFE, MARIE JOHNSON v. GEORGE E. McLAMB AND WIFE, ANALIZER McLAMB; MARY McLAMB, SINGLE; LULA McLAMB JERNIGAN, WIDOW; DEWEY McLAMB AND WIFE, ETHEL McLAMB; CHARLIE McLAMB AND WIFE, EVA McLAMB; JOHNNIE B. McLAMB AND WIFE, LELA McLAMB; LESSIE McLAMB PHILLIPS AND HUSBAND, GARLAND PHILLIPS; CALLIE McLAMB, SINGLE; BETTIE McLAMB BYRD AND BRYANT BYRD; ANNA LEE ROBERTS AND HUSBAND, JOHN ROBERTS; FERNIE LEE AND WIFE, ANNERIA LEE; PAUL HARDISON AND WIFE, CLETHA HARDISON; ANDREW HARDISON AND WIFE, LEDA HARDISON; NOAH HARDISON AND WIFE, MINNIE HARD- ISON; NOLA ALTMAN AND HUSBAND, EUGENE ALTMAN; MILA DANIELS AND HUSBAND, W. H. DANIELS; MARTHA WARREN AND HUSBAND, FELTON WARREN; GOLDEN McLAMB AND WIFE, LOUISE McLAMB; ISHAM McLAMB AND WIFE, MAUDE McLAMB; C. D. McLAMB AND WIFE, MILDRED McLAMB; INEZ STRICKLAND AND HUSBAND, RONALD STRICKLAND; JAMES ROLAND Mc- LAMB, SINGLE; WILLIAM HENRY STANCIL AND WIFE, MAMIE STANCIL; FELTON STANCIL AND WIFE, DOLLIE STANCIL; WAITUS STANCIL AND WIFE, EVELINA STANCIL; SARAH Mc- CAUSLEY AND HUSBAND, SAM McCAUSLEY; CARSON McLAMB AND WIFE, NETTIE McLAMB; BRUNO McLAMB AND WIFE, ELSIE McLAMB; LALLA KROKER AND HARRY KROKER; MADRIS TYNER AND HUSBAND, JAP TYNER; BESSIE CREECH AND HUS- BAND, THURMAN CREECH; MAUDE WORLEY AND HUSBAND, JOHN WORLEY; MYRTLE STAFFORD AND HUSBAND, ALTON STAFFORD; CHRISTINE WALLACE AND HUSBAND, WILLIAM WALLACE; CARLISE McLAMB, SINGLE; CASPER McLAMB AND WIFE, MARTHA McLAMB; JANIE BRASWELL AND HUSBAND, REG- INALD BRASWELL; JAMES McLAMB AND WIFE, MARY ELLEN McLAMB; ALMA COBB AND HUSBAND, FRANK COBB; C. L. Mc- LAMB AND WIFE, MYRTLE McLAMB; JOSEPH McLAMB AND WIFE, MARGIE McLAMB; WILBERT McLAMB, JR. AND WIFE, HELEN McLAMB; VELMA WADSWORTH AND JOHN WADSWORTH; AND ELMER McLAMB, DELMAR McLAMB AND PEGGIE Mc- LAMB, MINORS.

(Filed 10 January, 1958.)

**1. Adverse Possession § 15—**

Ordinarily any instrument constitutes color of title if it purports to convey title but is defective or void for matters *dehors* the record, or even if the defects are discoverable from the record.

**2. Same: Adverse Possession § 7—**

The rule that deed of one tenant in common purporting to convey the entire tract does not constitute color of title as against the co- tenants is to be strictly confined to deeds executed by a tenant in common, and will not be extended to judicial sales for partition or to tax foreclosures instituted against a single tenant.

**3. Same: Taxation § 40g—**

Commissioners' deed in tax foreclosure proceedings instituted against one tenant in common is color of title as against the cotenants who were not parties to the foreclosure.

APPEAL by answering defendants from *Seawell, J.,* at May Civil Term, 1957, of JOHNSTON.

Civil action under G.S. 41-10 to remove alleged cloud upon title to real estate, a lot in the Town of Benson.

The case was heard below on an agreed statement of facts, which discloses that the lot was originally owned by Thomas I. McLamb. It passed under his will in 1930 to his nine children, one of whom was Mary McLamb. On account of the nonpayment of taxes assessed against the lot in the name of Mary McLamb, the Town of Benson instituted an action in the Superior Court of Johnston County, "obtained a judgment forfeiting the interest" of Mary McLamb in the lot, and appointing a commissioner to expose the lot for sale. At the sale the lot was bid off by the Town of Benson, and deed dated 9 September, 1940, was made by the commissioner conveying the "lot of land to the Town of Benson." The deed was duly registered in the Public Registry of Johnston County on 10 September, 1940. The Town of Benson by deed dated 16 January, 1942, duly registered 26 January, 1942, "conveyed the lot of land" to Maggie McLamb Wilson, who in turn conveyed the "lot" to C. N. Bostic and wife by deed duly registered 5 February, 1942. Bostic and wife conveyed the "lot" to the plaintiffs by deed dated and registered 13 September, 1955.

In the facts agreed it is further stipulated: "That the Town of Benson, and its successors in title to the undivided one-ninth interest owned by Miss Mary McLamb, . . . have been in the adverse possession of the said lot of land since September 10, 1940." This action was instituted 10 December, 1956.

The plaintiffs allege that the defendants who are descendants of Thomas I. McLamb claim title to the lot under him. The answering defendants comprise five different groups of claimants. Each group as heirs at law of one of the nine devisees of Thomas I. McLamb claims title to a one-ninth undivided interest in the lot. The defendants who allegedly claim title to the other interests in the lot did not answer or otherwise plead to the complaint.

The court below entered judgment decreeing that the plaintiffs own the lot in fee, and that all the title and interest which the "defendants may have owned" in the lot "has been acquired by adverse possession under color of title" by the plaintiffs, and that the defendants own no interest in the land.

From the judgment so entered, the answering defendants appeal.

*N. H. McGeachy, Jr., Willis D. Brown, and I. R. Williams for appellants.*

*J. R. Barefoot for appellees.*

JOHNSON, J. At the time of the tax foreclosure, Mary Mc-Lamb owned only a one-ninth undivided interest in the lot. She alone was joined as a defendant. The single question here presented is whether the tax foreclosure deed is color of title against the cotenants who were not parties to the foreclosure.

The deed meets all the essential requirements prescribed by the general rules definitive of colorable title. Says *Walker, J.,* in *Burns v. Stewart,* 162 N.C. 360, 365, 78 S.E. 321, 323: "Color of title has been variously defined by the courts of this country. It was early held to be any writing which on its face professes to pass a title, but which it fails to do, either from want of title in the person making it or from the defective mode of conveyance employed; but it must not be so obviously defective as not to mislead a person of ordinary capacity, but not skilled in the law. (citation of authorities) The courts have generally concurred in defining it to be that which in appearance is title, but which in reality is not."

Ordinarily any instrument constitutes color of title if it purports to convey title but is defective or void *(Trust Co. v. Parker,* 235 N.C. 326, 69 S.E. 2d 841) for matters *dehors* the record *(Lofton v. Barber,* 226 N.C. 481, 39 S.E. 2d 263), or even if the defects are discoverable from the record. *Perry v. Bassenger,* 219 N.C. 838, 15 S.E. 2d 365.

True, in this jurisdiction we adhere to a principle, operating as an exception to the general rule, that a deed made by one tenant in common of the entire estate is not sufficient to sever the unity of possession and does not constitute color of title as against the cotenants. The theory of this exception to the general rule is that the grantee of one tenant in common takes only his share and "steps in his shoes," becoming a tenant in common in his stead, and that therefore it requires twenty years, rather than seven, adverse possession of the whole, under claim of ownership, to bar entry by the other tenants in common. *Cloud v. Webb,* 14 N.C. 317; *Hicks v. Bullock,* 96 N.C. 164, 1 S.E. 629; *Breeden v. McLaurin,* 98 N.C. 307, 4 S.E. 136; *Bullin v. Hancock,* 138 N.C. 198, 50 S.E. 621; *Cooley v. Lee,* 170 N.C. 18, 86 S.E. 720; *Cox v. Wright,* 218 N.C. 342, 11 S.E. 2d 158.

In *Roper Lumber Co. v. Cedar Works,* 165 N.C. 83, 80 S.E. 982, *Walker, J.,* speaking for the Court, said at p. 85: "We are aware that this Court has held that a deed by one tenant of the entire estate held in common is not sufficient to sever the unity of possession by which they are bound together, and does

not constitute color of title, as the grantee of one tenant takes only his share and 'steps into his shoes.' In such case, twenty years of adverse possession, under a claim of sole ownership, is required to bar the entry of the other tenants, under the presumption of an ouster from the beginning raised thereby. (Citation of authorities) We are not inadvertent to the fact that this State stands alone in the recognition of this principle, the others holding the contrary, that such a deed is good color of title (1 Cyc., 1078 and notes) ; but it has too long been the settled doctrine of this Court to be disturbed at this late day, as it might seriously impair vested rights to do so. It should not, though, be carried beyond the necessities of the particular class of cases to which it has been applied, but confined strictly within its proper limits; otherwise we may destroy titles by a too close attention to technical considerations growing out of this particular relation of tenants in common, and more so, we think than is required to preserve their rights. This view has, within recent years, been thoroughly sanctioned by the Court."

It thus appears to be the established policy of the Court to keep the exception strictly confined to the single class of cases to which it applies, *i.e.*, cases involving in each instance a deed made by a tenant in common purporting to convey not only his interest in the land but also the interest of his cotenants.

The exception has been restricted so rigidly that it has no application to deeds based on judicial sales for partition. In this connection our decisions are to the effect that where in a judicial proceeding to sell the common estate of tenants in common for partition, and less than the whole number of tenants are joined as parties, a deed made under order of the court purporting to convey the entire estate is like a deed of a stranger to the title, and therefore when registered, seven years adverse possession thereunder by the grantee or those claiming under him by registered deeds *(Justice v. Mitchell,* 238 N.C. 364, 78 S.E. 2d 122) will ripen title and bar the cotenants who are not parties to the proceeding. *McCulloh v. Daniel,* 102 N.C. 529, 9 S.E. 413; *Amis v. Stephens,* 111 N.C. 172, 16 S.E. 17; *Roper Lumber Co. v. Cedar Works, supra* (165 N.C. 83) ; *Alexander v. Cedar Works,* 177 N.C. 137, 98 S.E. 312; *Perry v. Bassenger, supra* (219 N.C. 838).

It appears from the appellants' brief that they are fully advised respecting the general rules which control the doctrine of colorable title. They are here urging the Court to extend the exception to cover tax foreclosures, like this one, where less than all the tenants in common were made parties to the foreclosure suit. We have given consideration to the arguments

presented. However, the view prevails that the exception should be kept in bounds and not extended to cover the situation here presented. According to the weight of authority, instruments based on judicial proceedings, including tax foreclosures, ordinarily are color of title. Annotation: 88 Am. St. Rep. 701, 723 *et seq.;* 1 Am. Jur., Adverse Possession, Sections 199 and 201 (Cumulative Supplement) ; see also exhaustive annotation: 38 A.L.R. 2d 986.

In *Trust Co. v. Parker* and *Parker v. Trust Co., supra* (235 N.C. 326, 69 S.E. 2d 841), it had been decided in a prior action *(Grady v. Parker,* 228 N.C. 54, 44 S.E. 2d 449) that a foreclosure, wherein the trustee in the deed of trust was not a party, was void and ineffectual to pass title, nevertheless in the cited case (235 N.C. 326) this Court held that the commissioner's foreclosure deed constituted color of title under which the grantee acquired title by adverse possession for seven years. Chief Justice Devin, speaking for the Court, said at p. 332: "Color of title may be defined as a paper writing which on its face professes to pass the title to land but fails to do so because of want of title in the grantor or by reason of the defective mode of conveyance used. (Citation of authorities) If the instrument on its face purports to convey land by definite lines and boundaries and the grantee enters into possession claiming under it and holds adversely for seven years, it is sufficient to vest title to the land in the grantee. G.S. 1-38. No exclusive importance is to be attached to the ground of the invalidity of the colorable title if entry thereunder has been made in good faith and possession held adversely. Though the grantor may have been incompetent to convey the true title or the form of conveyance be defective, it will constitute color of title which will draw to the possession of the grantee thereunder the protection of the statute. (Citation of authorities). Accordingly, it has been held that a fraudulent deed may be color of title and become a good title if the fraudulent grantee holds actual adverse possession for the statutory period against the owner who has right of action to recover possession and is under no disability. (Citation of authority). And where in a partition proceeding to sell land less than the whole number of tenants in common have been made parties, a deed made pursuant to an order of court to the purchaser is color of title and seven years adverse possession thereunder will bar those tenants in common who were not made parties. (Citation of authorities). And in the langauge of Justice Brown, speaking for the Court in *Canter v. Chilton,* 175 N.C. 406, 95 S.E. 660: 'So an entry upon and taking possession of land under a judicial decree is good

color and this is generally true, although the decree is irregular or even void.' " *Cf. Ange v. Owens,* 224 N.C. 514, 31 S.E. 2d 521.

It is also noted in connection with the old practice of selling land for taxes by sheriff's deed, that our Reports contain numerous decisions holding that sheriff's deeds, though defective for various reasons, are color of title. As illustrative of this line of cases, see: *Fowle & Son v. Warren,* 169 N.C. 524, 86 S.E. 293; *Kivett v. Gardner,* 169 N.C. 78, 85 S.E. 145; *Fowle & Son v. Whitley & Warren,* 166 N.C. 445, 82 S.E. 841; *Greenleaf v. Bartlett,* 146 N.C. 495, 60 S.E. 419. See also *Lofton v. Barber, supra* (226 N.C. 481, 39 S.E. 2d 263).

We are concerned here only with the question of title as it relates to the asserted claims of the defendants who answered below and appealed to this Court. As to them the judgment is

Affirmed.