JOHN EDWARD YOW v.
L. R. ARMSTRONG and wife, DOROTHY N. ARMSTRONG.

(Filed 9 October 1963.)

1. **Deeds § 21—**

Where plaintiff's allegations of the breach of a covenant of seizin is denied in the answer, the burden rests on plaintiff to establish his cause of action by showing want of title in defendants, and the fact that defendants, after denying breach of the covenant, further allege the manner in which they acquired title does not alter the burden of proof.

2. **Same—**

Where, in an action for breach of covenant of seizin, the evidence tends to show that the deed to defendants' predecessor in title was defective in that it was a commissioner's deed in an action in which all the parties having an interest in the land were not served, but the evidence further tends to show that defendants' predecessor in title went into possession under the deed and remained in open notorious and adverse possession thereunder for more than seven years and that defendants acquired their title, the evidence shows title in defendants and nonsuit was proper.

3. **Trial § 57—**

In a trial by the court under agreement of the parties the credibility of the evidence is for the court, sitting as a jury.

4. **Adverse Possession § 7—**

Where lands of tenants in common are sold under a tax foreclosure in a suit in which some of the tenants are not served, the commissioner's

deed to the purchaser pursuant to court order is not the act of a co-tenant, and therefore the contention that a tenant purchasing from the grantee of the commissioner could not acquire title against the other tenants is untenable.

Appeal by plaintiff from *Bone, J.,* February 1963 Civil Session of New Hanover.

Plaintiff alleged and defendants admitted defendants in May 1962 conveyed to plaintiff a lot in South Wilmington. The deed contained covenants that grantors "are seized in fee of the above granted and described premises and have good right to sell and convey the same in fee simple." Plaintiff seeks damages for the breach of these covenants.

Sec. 6 of the complaint reads: "That the defendants' title to said lands and premises is defective for that it is dependent upon a civil action brought by New Hanover County and C. R. Morse, then *City-County Tax Collector v. The Dixie Land & Development Company,* a North Carolina corporation, and others, for the purpose of foreclosing tax liens upon lands and premises of which the lot described therein is a part, in which proceeding those persons named as parties defendant were not properly served with summons and were not before the Court and that the deed of G. C. McIntire, a Commissioner named and designated in said proceeding, conveying land and premises of which the lot described in this complaint was a part, to the defendants' purported predecessor in title, was void and defective and that said defects in said proceeding constituted a fatal defect in the title of the defendants all as herein alleged."

Defendants denied the allegations of sec. 6 of the complaint. Additionally they alleged: The land conveyed to plaintiff was part of a larger tract described in a deed dated 10 September 1954 from O. R. Parker and wife and F. E. Livingston and wife to defendants, which deed purported to convey the land there described in fee; they took possession immediately upon the execution of the deed, and exercised exclusive control and dominion thereof adverse to all the world from September 1954 to May 1962 when they conveyed a part to plaintiff.

The parties stipulated the lot conveyed to plaintiff was within the boundaries set out in the deed of 10 September 1954 from Parker and others to defendants. They also stipulated: "That the facts with relation to a civil action brought to foreclose a tax lien against the Dixie Land and Development Company, and others, as alleged in paragraph 6 of the plaintiff's complaint are as therein alleged."

A jury trial was waived. The court found as a fact that defendants entered on the land described in the deed "and constructed thereon an office building and that the defendants have from and after said

time been in possession of said lands and premises and have paved roads into said lands and premises to afford them access to portions thereof and have used portions of said land as a borrow pit and have stored equipment upon said lands and premises and have cut fire lanes around the perimeter boundary of said lands, and have occupied said lands in an open, notorious and adverse fashion under known and visible lines and boundaries since the date of said deed to said defendants and have used portions of said land for the furtherance of the business of the defendants and have been in continuous possession thereof from and after September 1954. . . ."

Based on its findings the court concluded that the defendants were at the time of their conveyance to plaintiff the owners in fee. He adjudged that plaintiff take nothing.

*Yow & Yow for plaintiff appellant.*
*Carr & Swails by James B. Swails for defendant appellees.*

Rodman, J.  Plaintiff has two assignments of error: First. The court erred in holding that defendant had offered evidence sufficient to establish good title to the property sold plaintiff. Plaintiff takes the position that the burden of establishing title was on the defendants. No matter what the law may have been prior to the adoption of the Code of Civil Procedure and our registration statutes (See 14 Am. Jur. 566 and cases cited in note 8), it is now settled that when plaintiff alleges a breach of a covenant of seizin and the allegation is denied, the burden rests on plaintiff to establish his cause of action. *Eames v. Armstrong,* 142 N.C. 506; *Cherry v. Warehouse Co.,* 237 N.C. 362, 75 S.E. 2d 124; 21 C.J.S. 1000-1001.

Here defendants specifically denied plaintiff's allegation of a breach of the covenant. The mere fact that defendants did not stop with a mere denial but alleged the manner in which they acquired title was not sufficient to shift the burden of proof from plaintiff to defendants.

In this case it is immaterial where the burden of proof rested. There was plenary evidence to show defendants had physical possession of the properties described in the deed to them for more than seven years. It was possession claimed as a right by virtue of the deed to them. The evidence was ample to warrant the finding which the court, sitting as a jury made. Whether the court should have accepted the evidence as true or rejected it as unworthy of belief was for the judge sitting as a jury: his determination of that question is conclusive.

Plaintiff's second assignment of error is to the judgment itself. He contends the judgment is erroneous because based on a misconception

of the law and not supported by the facts found. He says: Defendants trace their title to the deed made by McIntire, commissioner; the defendants in the action in which McIntire was appointed and directed to act were cotenants; some were not served; the decree authorizing a sale could not bind those not parties; nothing short of twenty years' adverse possession is sufficient to bar cotenants. To support his assertion he relies on *Williams v. Robertson,* 235 N.C. 478, 70 S.E. 2d 692; *Whitehurst v. Hinton,* 230 N.C. 16, 51 S.E. 2d 899; *Peel v. Calais,* 224 N.C. 421, 31 S.E. 2d 440.

Plaintiff's contention is without merit for these reasons: (1) We find nothing in the record which tends to establish the fact that defendants trace their title to the deed made by McIntire as commissioner. Even if it be conceded that defendants did trace title to the deed executed by McIntire, commissioner, the facts alleged in sec. 6 of the complaint do not show that defendants in the action brought by Morse, tax collector, against Dixie Land and Development Co. and others were tenants in common. The facts there alleged and admitted by the stipulation are that some of the defendants were not served with process and hence not bound by the decree. (2) If it be conceded that defendants in the action under which McIntire as commissioner sold were in fact cotenants, it does not follow that those who trace their title to the deed executed by McIntire as commissioner could not ripen their color into good title by seven years' adverse possession. Where a sale is made pursuant to court order in a partition proceeding and some of the cotenants are not parties, or there is an actual partition among those parties, the deed or the decree of partition is not the act of a cotenant, but is the act of a stranger, and seven years' possession under the deed or decree confirming the partition suffices to ripen title. *Johnson v. McLamb,* 247 N.C. 534, 101 S.E. 2d 311; *Trust Co. v. Parker,* 235 N.C. 326, 69 S.E. 2d 841; *Perry v. Bassenger,* 219 N.C. 838, 15 S.E. 2d 365; *Alexander v. Cedar Works,* 177 N.C. 137, 98 S.E. 312; *Lumber Co. v. Cedar Works,* 165 N.C. 83, 80 S.E. 982.

The court correctly held that plaintiff was not entitled to recover. Of course the findings and conclusions which the court made with respect to defendants' title cannot bind those who are not parties to this action.

No error.